UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
**JOSEPH D. AFRAM,**              )
                              )
      **Plaintiff,**            )
                              )
      v.                      )    Civil Action No. 12-1389 (RWR)
                              )
**UNITED FOOD AND COMMERCIAL**    )
**WORKERS UNIONS AND**            )
**PARTICIPATING EMPLOYERS**       )
**HEALTH AND WELFARE FUND,**      )
**et al.,**                       )
                              )
      **Defendants.**           )
_____)

### MEMORANDUM ORDER

    Plaintiff Joseph Afram, a surgeon, brings suit against the medical benefits providers for patient G.B. alleging that they failed to pay for medical services Afram provided to G.B.  The defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

    A district court can dismiss a complaint under Rule 12(b)(6) when the complaint "fail[s] to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

- 2 -

Although Afram's complaint does not specify the cause of action or statute that he alleges entitles him to relief, the parties agree that Afram's claim can be brought only under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. See Defs.' Mot. to Dismiss, Defs.' Mem. in Supp. of Mot. to Dismiss at 5; Pl.'s Opp'n to Mot. to Dismiss at 1. Moreover, because Afram has standing to bring his claim under ERISA,[1] ERISA preempts any other state or common law cause of action. See 29 U.S.C. § 1144 (stating that ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan"); see also Krooth & Altman v. N. Am. Life Assur. Co., 134 F. Supp. 2d 96, 101 (D.D.C. 2001); Psychiatric Institute of D.C., Inc. v. Wells, Civil Action No. 92-0416 (GHR), 1992 WL 237368, at *3 (D.D.C. Aug. 31, 1992).

To bring a claim for benefits under ERISA, Afram must allege that he is due benefits under the terms of G.B.'s plan and "identify a specific plan term that confers the benefit in question." Stewart v. Nat'l Educ. Ass'n, 404 F. Supp. 2d 122, 130 (D.D.C. 2005). Afram's complaint does not identify the plan

---

[1] Afram brings suit against a health and welfare plan governed by ERISA "and a firm with whom the Fund has contracted to provide administrative management services." Defs.' Mot. to Dismiss, Defs.' Mem. in Supp. of Mot. to Dismiss at 1. G.B. assigned Afram his medical benefits for the medical services Afram provided. See Compl. (Health Insurance Claim Form) at 3. Thus, Afram could have brought his claim "to recover benefits due to him under the terms of [G.B.'s] plan" under ERISA Section 502(a)(1)(B). See 29 U.S.C. § 1132(a)(1)(B).

term that entitles him to any benefit.  Thus, his complaint fails to state a claim under ERISA, and his complaint will be ordered dismissed.

In both his opposition and surreply, Afram requests that if his complaint is found to be deficient, that he be granted leave to amend his complaint rather than his complaint being dismissed.  Because more than 21 days have elapsed since the defendants served their motion to dismiss on Afram and the defendants do not consent to Afram amending his complaint, Afram may amend his complaint only with the court's leave.  See Fed. R. Civ. P. 15.  However, "[a] request for a court order must be made by motion."  Fed. R. Civ. P. 7(b)(1).  Local Civil Rule 7(i) requires that "[a] motion for leave to file an amended pleading . . . be accompanied by an original of the proposed pleading as amended."  LCvR 7(i).  Because Afram has not moved to amend his complaint and has not submitted his proposed amended complaint, his request will not be considered.  However, because it is not "plain that [Afram] has no claim to state[,]" Alley v. Resolution Trust Corp., 984 F.2d 1201, 1207 (D.C. Cir. 1993), the order dismissing his complaint will be stayed to allow Afram an opportunity to file a motion to amend his complaint that complies with Rule 7(i).  Accordingly, it hereby

ORDERED that the defendants' motion [4] to dismiss Afram's complaint be, and hereby is, GRANTED.  It is further

- 4 -

ORDERED that this order be, and hereby is, STAYED until April 9, 2013.

SIGNED this 26th day of March, 2013.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge