UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
JOSEPH D. AFRAM,                )
                                )
          Plaintiff,            )
                                )
          v.                    )     Civil Action No. 12-1389 (RWR)
                                )
UNITED FOOD & COMMERCIAL        )
WORKERS UNIONS &                )
PARTICIPATING EMPLOYERS         )
HEALTH & WELFARE FUND,          )
et al.,                         )
                                )
          Defendants.           )
_____)

## MEMORANDUM OPINION

Plaintiff Joseph Afram, a surgeon, brings suit against United Food and Commercial Workers Unions and Participating Employers Health and Welfare Fund and Associated Administrators, LLC, the medical benefits providers for patient G.B., alleging that they failed to pay for medical services Afram provided to G.B.  Afram moves for leave to amend his complaint under Federal Rule of Civil Procedure 15(a).  Because it would be futile to allow Afram to amend his complaint, his motion for leave to amend will be denied.

## BACKGROUND

Afram performed gastric bypass surgery on G.B. in February 2011.  Mot. for Leave to File an Am. Compl. ("Mot. to Am."), Ex. A ("Am. Compl.") at 1.  Afram alleges that before he performed the surgery, he and the defendants "entered in an agreement

- 2 -

whereby the Defendants agreed to pay Plaintiff's fee for
performing the surgery" on G.B.  Id.  Afram charged the
defendants $11,700 for the surgery, which they did not pay.  Id.
at 1-2.

    Afram filed suit against the defendants seeking damages in
the amount of $11,700, interest, and costs.  Compl. at 2.  The
defendants moved to dismiss the complaint under Rule 12(b)(6) for
failure to state a claim upon which relief could be granted and a
March 26, 2013 Memorandum Order granted the defendants' motion to
dismiss.  Although Afram's original complaint did not specify the
cause of action that he alleged entitled him to relief, "the
parties agree[d] that Afram's claim can be brought only under the
Employee Retirement Income Security Act ('ERISA'), 29 U.S.C.
§ 1001 et seq.[,]" and that "ERISA preempts any other state or
common law cause of action."  Afram v. Food & Commercial Workers
Unions & Participating Employers Health & Welfare Fund, Civil
Action No. 12-1389 (RWR), 2013 WL 1222126, at *1 (D.D.C. Mar. 26,
2013).  Because Afram's complaint did not state a claim under
ERISA, it was ordered dismissed.  Id. at *1-2.  However, since
"Afram could have brought his claim to recover benefits due to
him under the terms of G.B.'s plan under ERISA Section
502(a)(1)(B)[,]" id. at *2 n.1 (internal quotation marks
omitted), the dismissal order was stayed to allow Afram an
opportunity to file a motion to amend his complaint, id. at *2.

- 3 -

Afram now moves for leave to amend the complaint.  Mot. to Am. at 1.  The defendants oppose.

<u>DISCUSSION</u>

After the time to amend his complaint as a matter of course has expired, a plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The burden is on the defendant to show that leave to file an amended complaint should be denied.  <u>Smith v. Café Asia</u>, 598 F. Supp. 2d 45, 48 (D.D.C. 2009) (citing <u>LaPrade v. Abramson</u>, Civil Action No. 97-10 (RWR), 2006 WL 3469532, at *3 (D.D.C. Nov. 29, 2006)).  Undue delay, undue prejudice to the defendant, repeated failure to cure deficiencies, and futility of the proposed amendment are factors that may warrant denying leave to amend.  <u>Richardson v. United States</u>, 193 F.3d 545, 548-49 (D.C. Cir. 1999) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)); <u>Smith</u>, 598 F. Supp. 2d at 47 (citing <u>Atchinson v. District of Columbia</u>, 73 F.3d 418, 425 (D.C. Cir. 1996)).  Filing an amended complaint is futile if it merely restates in different terms the same facts as the original complaint states, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss. <u>Robinson v. Detroit News, Inc.</u>, 211 F. Supp. 2d 101, 114 (D.D.C. 2002).  A party can move to dismiss a complaint for failing to

- 4 -

state a claim upon which relief can be granted.  Fed. R. Civ. P.
12(b)(6).

     To survive a motion to dismiss under Rule 12(b)(6), the
factual allegations stated in a plaintiff's complaint "must be
enough to raise a right to relief above the speculative level."
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The
complaint must be construed in the light most favorable to the
plaintiff and "the court must assume the truth of all well-
pleaded allegations."  Warren v. District of Columbia, 353 F.3d
36, 39 (D.C. Cir. 2004).  However, "'legal conclusions cast in
the form of factual allegations' are insufficient to survive a
motion to dismiss."  Henok v. Chase Home Fin., LLC, 915 F. Supp.
2d 109, 114 (D.D.C. 2013) (quoting Browning v. Clinton, 292 F.3d
235, 242 (D.C. Cir. 2002)); see also Ashcroft v. Iqbal, 556 U.S.
662, 678 (2009).  The court must generally limit its review to
the facts alleged in the complaint, although it may consider
documents that "are both referenced in the complaint and central
to the plaintiff's claim."  In re U.S. Office Prods. Co. Sec.
Litig., 251 F. Supp. 2d 58, 66 (D.D.C. 2003)(citing Phillips v.
Bureau of Prisons, 591 F.2d 966, 969 (D.C. Cir. 1979); Lipton v.
MCI Worldcom, Inc., 135 F. Supp. 2d 182, 186 (D.D.C. 2001)).

     Afram's proposed amended complaint asserts breach of
contract and promissory estoppel claims arising from the
defendants' alleged agreement to pay for the surgery Afram

- 5 -

performed on G.B.  Am. Compl. at 1-2.  Afram contends that his

motion for leave to amend the complaint should be granted because

his complaint states breach of contract and promissory estoppel

claims which are recognized under ERISA, or alternatively,

because ERISA does not preempt his common law claims.  Reply to

Def.'s Opp'n to Pl.'s Mot. for Leave to File an Am. Compl.

("Pl.'s Reply") at 1-3.  The defendants argue that ERISA preempts

the plaintiff's common law claims, the proposed complaint does

not state a claim under ERISA, the proposed complaint would not

survive a motion to dismiss, and thus granting leave to amend

would be futile.  Def.'s Mem. & P. & A. in Opp'n to Pl.'s Mot.

for Leave to File an Am. Compl. ("Def.'s Opp'n") at 1-2.

ERISA preempts all state and common law causes of action if

they relate to any employee benefit plan.  29 U.S.C. § 1144(a)

(stating that ERISA supersedes "any and all State laws insofar as

they may now or hereafter relate to any employee benefit plan");

see also Krooth & Altman v. N. Am. Life Assur. Co., 134 F. Supp.

2d 96, 101 (D.D.C. 2001).  Since Afram's claims relate to an

employee benefit plan between the defendants and G.B., his breach

of contract and promissory estoppel claims are preempted by and

must be brought under ERISA.  See Afram, 2013 WL 1222126, at *1

(finding that Afram has standing to bring his claim for benefits

under ERISA and thus ERISA preempts any other common law causes

of action).

- 6 -

"To bring a claim for benefits under ERISA, [however,] Afram must allege that he is due benefits under the terms of G.B.'s plan and 'identify a specific plan term that confers the benefit in question.'"  Id. (quoting Stewart v. Nat'l Educ. Ass'n, 404 F. Supp. 2d 122, 130 (D.D.C. 2005)).  Afram's proposed amended complaint does not identify any specific provision of the plan that may confer a benefit to him.  Because the amended complaint does not identify the specific plan term that confers Afram a benefit, he has not properly brought a claim for benefits under ERISA and the amended complaint cannot survive a motion to dismiss.  Moreover, the stayed dismissal order gave leave to Afram to move to amend his complaint to assert an ERISA claim under § 502(a)(1)(B), not common law claims.  He has not done so. Accordingly, Afram's motion to amend his complaint will be denied.[1]

---

[1] Nor does Afram's proposed amended complaint state a promissory estoppel claim under ERISA.  To state a promissory estoppel claim under ERISA, a plaintiff must allege that "(1) the provisions of the plan are ambiguous, and (2) representations are made involving an [insurer's] oral interpretation of the ambiguous provision."  Moore v. Blue Cross & Blue Shield of Nat'l Capital Area, 70 F. Supp. 2d 9, 27; see also Psychiatric Inst. of Washington, D.C., Inc. v. Conn. Gen. Life Ins. Co., 780 F. Supp. 24, 31 (D.D.C. 1992).  Afram does not plead any facts that show that there was an ambiguous provision of the plan or that the defendants made an oral representation regarding that provision. In his reply to the defendants' opposition, Afram alleges the "Benefits Plan fails to clarify whether [the] surgical assistance services, which [he] performed . . . were actually a 'surgical benefit' which must be performed by a OneNet PPO provider." Pl.'s Reply at 2.  "In determining whether a complaint states a claim, the court may consider the facts alleged in the complaint,

- 7 -

<u>CONCLUSION</u>

ERISA preempts Afram's common law claims for benefits.  His proposed complaint fails to state a claim under ERISA. Accordingly, Afram's proposed amended complaint would not survive a motion to dismiss under Rule 12(b)(6), and granting Afram leave to file his amended complaint would be futile.  Therefore, Afram's motion for leave to amend his complaint will be denied and the stay of the dismissal order will be lifted.  A Final Order accompanies this Memorandum Opinion.

SIGNED this 5th day of August, 2013.


                              _____/s/_____
                              RICHARD W. ROBERTS
                              Chief Judge

---

documents attached thereto or incorporated therein, and matters of which it may take judicial notice." <u>Stewart v. Nat'l Educ. Ass'n</u>, 471 F.3d 169, 173 (D.C. Cir. 2006).  Thus, new facts alleged in Afram's reply should not be considered in determining whether the promissory estoppel claim would survive a motion to dismiss under Rule 12(b)(6).  However, even if the term "surgical benefit" was an ambiguous provision, the amended complaint does not allege facts to plausibly suggest that the defendants made an oral representation interpreting its meaning.